UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ROBERT C. PITTARD, KAREN D.
PITTARD,

   *Plaintiffs*,

v.                                **Case No.  SA-21-CV-01114-JKP**

CITIMORTGAGE, INC., CENLAR
FSB,

   *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Amended Motion for Summary Judgment. *ECF No. 14*. Neither Plaintiff Robert Pittard nor Karen Pittard filed a Response. Upon consideration, the Court concludes the Amended Motion for Summary Judgment shall be GRANTED.

## BACKGROUND

Plaintiffs Robert Pittard and Karen Pittard (collectively, "the Pittards") bring this action against Defendants CitiMortgage, Inc. ("CMI") and Cenlar FSB ("Cenlar"). The case originated in state court upon the Pittards' Application for Temporary Restraining Order. *ECF No. 2-1*. In the state-court Application, the Pittards asserted two causes of action: breach of contract and fraud/misrepresentation. *Id. at pp. 5-6*. CMI and Cenlar removed the case to this Court. *ECF No. 2*.

This case pertains to the financing of the Pittards' home located at 7418 Legend Point Drive, San Antonio, Texas ("the Property"). *ECF No. 2-1, pp. 1-3*. The Pittards initially executed a Promissory Note in the amount of $197,698.00 on March 6, 1998, made payable to

Edlin Mortgage Company. *ECF Nos. 2-1, pp. 1-3; 14-1, exh. A; 14-2, exh. A-1; 14-3, exh. A-2.* The Promissory Note provided the Pittards would be in default if they did not meet the required monthly payments, which would allow Edlin Mortgage, or the mortgage holder, to accelerate the note and require the unpaid balance be paid immediately. *ECF No. 14-2, exh. A-1.* At the same time, the Pittards executed a Deed of Trust which similarly authorizes the acceleration of the maturity date upon default of the Note and allows the mortgage holder to foreclose the property if the Pittards default. *ECF No. 14-3, exh. A-2.* Defendant CMI is the current mortgage holder, and Defendant Cenlar is the current mortgage servicer for both the Note and the Deed of Trust. *ECF Nos. 14-1, exh. A; 14-4, exh. A-3.*

The instant action is the Pittards' fourth lawsuit filed to prevent foreclosure of the Property. The history of lawsuits proceeded as follows:

**A.      First Lawsuit (2017)**

On February 16, 2017, the Pittards brought suit against CMI in state court to prevent a scheduled foreclosure of the Property. *See Pittard v. CitiMortgage, Inc.*, 5:17-cv-118-DAE, ECF No. 1-2. That suit alleged wrongful collection practices and wrongful foreclosure (or attempted wrongful foreclosure) and sought an accounting. *Id.* at p. 3-4. Specifically, the Pittards asserted CMI (1) failed to provide sufficient information to allow them to determine the amount owed; (2) prematurely sought foreclosure and failed to comply with the Texas Property Code's rules regarding notice of foreclosure sales; (3) failed to credit all payments made, refused to accept other payments, and made improper and unauthorized charges; and (4) failed to make any reasonable effort to work with them to save the property, despite the Pittards' substantial interest in the Property. *Id.* at pp. 3–5. In that suit, the Pittards denied being in default on their mortgage payments. *Id.* at pp. 4-5.

CMI removed the action to federal court, and the case was assigned to Judge David A. Ezra as cause: *Robert Pittard and Karen Pittard v. CitiMortgage, Inc.*, 5:17-cv-118-DAE. CMI filed a Motion to Dismiss, to which the Pittards did not respond. *Id.* at ECF No. 4. On April 13, 2017, Judge Ezra granted that Motion to Dismiss without prejudice. For the claim of wrongful foreclosure, Judge Ezra found: (1) Texas courts do not recognize an action for attempted wrongful foreclosure, and (2) a wrongful foreclosure claim cannot survive if the foreclosure had not actually occurred, which it had not. *Id.* at ECF No. 8, pp. 5-6. Next, as to the Pittards' claims of wrongful debt collection practices, Judge Ezra found they failed to make any allegations of any false, deceptive, or otherwise misleading debt collection practices. *Id.* at pp. 7–8. Finally, Judge Ezra dismissed the accounting claim, to the extent it was a cause of action rather than a remedy, because the Pittards failed to allege they were unable to obtain the relevant information through ordinary discovery procedures. *Id.* at pp. 8-9. Having thus dismissed each cause of action, Judge Ezra also dismissed the request for injunctive relief due to failure to show a substantial likelihood of success on the merits. *Id.* at pp. 9-10.

### B.    Second Lawsuit (2018)

On November 2, 2018, the Pittards filed a second lawsuit in state court against CMI seeking a Temporary Restraining Order to prevent imminent foreclosure on the Property. *See Robert Pittard and Karen Pittard v. CitiMortgage, Inc.,* 5:18-cv-1181-OLG, ECF No. 1-2. In this second action, the Pittards asserted a cause of action for breach of contract, alleging CMI unlawfully declared default and accelerated the mortgage maturity date. The Pittards alleged they sent all required monies to CMI; however, the money was returned to them. CMI then sought foreclosure. *Id.* at p. 4. Thus, "despite the efforts of [the Pittards] to make payments of the note…[CMI] has insisted on the foreclosure of the mortgage…There is no default suffi-

cient to justify foreclosure, and any alleged default has been cured or waived." *Id.* at pp. 4-5. Though unclear if brought as a second cause of action, the petition also asserted CMI failed to exercise the implied covenant of good faith and fair dealing. *Id.* at p. 3.

After the Pittards obtained a Temporary Restraining Order, CMI removed the action to federal court, where the case was assigned to Chief Judge Orlando Garcia as cause: *Robert Pittard and Karen Pittard v. CitiMortgage, Inc.*, 5:18-cv-1181-OLG. CMI filed a Motion for Judgment on the Pleadings pursuant to Federal Rule 12(c) on January 31, 2019. *Id*. at ECF No. 7. The Pittards did not respond. Chief Judge Garcia issued a Show Cause Order for the Pittards to explain why the motion should not be granted. *Id*. at ECF No. 8. The Pittards did not respond to the Show Cause Order.

On May 22, 2019, Chief Judge Garcia granted the Motion for Judgment on the Pleadings and dismissed the case under Fed. Rule Civ. P. 41(b) for failure to prosecute. *Id.* at ECF No. 10. As to the breach of contract claim, Judge Garcia found: "Plaintiffs have failed to plead any factual details regarding (1) why their loan was not in default, (2) how Plaintiffs allegedly cured their default, and/or (3) how Defendant failed to credit Plaintiffs' payment towards their account." *Id.* at pp. 3-4. "[M]ore importantly, Plaintiffs have failed to identify which actual contract or— assuming it is the promissory note and/or deed of trust that are mentioned in the petition—any specific provision of the actual contracts that Defendant allegedly breached." *Id.* Nor did the petition "set forth the factual allegations demonstrating the manner in which Defendant allegedly breached the provision." *Id.* Chief Judge Garcia further found the Pittards had not demonstrated any damages from the alleged breach, given that they previously obtained a restraining order precluding the foreclosure sale. *Id.* at n. 2. Finally, to the extent the Pittards brought the breach of the implied covenant of good faith and fair dealing as a separate

cause of action, Chief Judge Garcia found "Texas courts have routinely held that the 'relationship of mortgagor and mortgagee ordinarily does not involve a duty of good faith.'" *Id.* at p. 5 (citing *Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 1004 (S.D. Tex. 2011)). Further, the Pittards did not explain how that covenant applied to their loan or how CMI violated the covenant. *Id.* As Judge Ezra had, Chief Judge Garcia dismissed the request for injunctive relief because no viable cause of action remained. *Id.*

### C.      Third Lawsuit (2019)

On November 1, 2019, the Pittards brought the third lawsuit in state court seeking a Temporary Restraining Order to prevent the foreclosure of the property set for November 5, 2019. *See Robert Pittard and Karen Pittard v. CitiMortgage, Inc. and Cenlar FSB,* 5:19-cv-1370-XR. ECF No. 1-1. This time, the Pittards brought suit against CMI and added Cenlar as the mortgage servicer. *Id.* The state court granted the requested Temporary Restraining Order, though the Pittards asserted no causes of action in the underlying petition. *Id.* CMI and Cenlar again removed the case to this Court, where it was assigned to Judge Xavier Rodriguez as cause: *Robert Pittard and Karen Pittard v. CitiMortgage, Inc. and Cenlar FSB,* 5:19-cv-1370-XR. At a status conference on February 27, 2020, Judge Rodriguez ordered the Pittards to file an Amended Complaint and allege all intended causes of action. *Id.* at ECF Nos. 16, 23 p.5.

On May 5, 2020, the Pittards filed an Amended Complaint asserting causes of action for breach of contract and fraud/misrepresentation. *Id.* at ECF No. 17. The Pittards alleged that on June 25, 2019, they requested a loan modification package from CMI through its servicing agent, Cenlar. *Id.* at pp. 5-6; ECF No. 1-1. The Pittards alleged Cenlar advised them "they would be willing to work with us in reinstating or re-modifying the mortgage." *Id.* The Pittards alleged Cenlar "did not send [the modification package] until after August 12, 2019, and subsequently on September 10, 2019, initiated steps to foreclose on the property in question." *Id.*

Thereafter, Robert Pittard suffered a stroke and was hospitalized for several days. *Id*. at ECF No. 17 pp. 5-6. The Pittards claimed neither of them "had the time [or] the opportunity to attempt to refinance or bring the account current before the property was foreclosed and set for auction sale." *Id*. at p. 12. Robert Pittard's affidavit further stated  he "was never served with or given adequate and sufficient notice" of the intent to foreclose, and he "was never notified or informed of the total amount of the arrearage and delinquency on my account [or] given an opportunity to bring our account current." *Id*.

The breach of contract cause of action was based upon allegations that CMI and Cenlar did not provide adequate notice of intent to foreclose. *Id*. at ECF No. 17 at pp. 5-6, 15. The fraud and misrepresentation cause of action was based upon allegations that CMI and Cenlar engaged in fraudulent activity when they offered to assist the Pittards through loan modification while at the same time initiating foreclosure proceedings without giving the Pittards adequate time to engage in the modification process. *Id*. The situation was exacerbated by Robert Pittard's medical emergency. *Id*. at pp. 5-6, 17-18.

CMI and Cenlar filed a Motion for Summary Judgment raising three arguments. First, claim preclusion, or res judicata, barred the lawsuit because the lawsuit involved the same subject matter as the previous two suits. *Id*. at ECF No. 19. Similarly, CMI and Cenlar argued issue preclusion, or collateral estoppel, precluded the re-litigation of issues that were already litigated in the prior two suits. Alternatively, CMI and Cenlar argued both the breach of contract and the fraud/misrepresentation causes of action failed as a matter of law. *Id*.

With regard to the res judicata issue on both causes of action, Judge Rodriguez concluded the parties did not dispute satisfaction of the first two elements: the parties are identical and the judgments in the prior suits were rendered by a court of competent jurisdiction. *Id*. at ECF

6

No. 23, p. 11. With regard to the third element, Judge Rodriguez concluded only Judge Garcia's dismissal pursuant to Federal Rule 41(b) was a final judgment on the merits for res judicata purposes. *Id*. at pp. 11-12. Finally, with regard to the fourth element, Judge Rodriguez determined the nucleus of operative facts in the previous suits differed from the current suit, and therefore, neither cause of action was barred by res judicata. *Id*. at p. 12-13.

Similarly, Judge Rodriguez denied summary judgment based upon a collateral-estoppel theory because the suit was based upon acts that occurred after the previous lawsuits, and therefore, the relevant issues could not have logically been identical, actually litigated, or determined in the prior lawsuits. *Id*. at ECF No. 23, pp. 13-15.

Judge Rodriguez then analyzed the substantive basis of the Motion for Summary Judgement on each cause of action. Judge Rodriguez granted summary judgment on the breach of contract cause of action finding the cause failed as a matter of law because the Pittards' may not bring such a claim when they themselves are in default, because they failed to show any damages, and because they failed to identify what contract was allegedly breached and, even assuming it is the Promissory Note and/or Deed of Trust, which provision of that contract was breached. *Id*. at ECF No. 23, pp. 15-17.

Judge Rodriguez also granted summary judgment on the fraud/misrepresentation cause of action. First, the cause of action was subject to the statute of frauds, and the Pittards failed to show any written agreement. The Pittards only asserted CMI and Cenlar promised to consider if they were eligible for a loan modification but did not present a written offer. Second, Judge Rodriguez determined summary judgment was proper because the Pittards failed to meet the heightened pleading standard. *Id*. at ECF No. 23, pp. 17-21.

For these reasons, on July 24, 2020, Judge Rodriguez granted CMI and Cenlar's Motion for Summary Judgment and entered judgment in favor of these Defendants on the asserted causes of action of breach of contract and fraud/misrepresentation. *Id.* at ECF No. 23, p. 21.

### D.    Fourth (and present) Lawsuit (2021)

The Pittards filed this suit in state court on October 29, 2021, seeking a Temporary Restraining Order to prevent the imminent foreclosure of their home scheduled for November 2, 2021. *ECF No. 2-1.* In the state-court Application for Temporary Restraining Order, the Pittards asserted two causes of action: breach of contract and fraud/misrepresentation. *Id.* at pp. *2-3.* CMI and Cenlar removed the case to this Court on November 11, 2021.

As basis for the breach of contract cause of action, the Pittards allege CMI and Cenlar "refused to accept any payments [they] made in good faith to maintain the contract in good status, and [] refused to allow [them] the opportunity to pay off, reinstate the mortgage in question or refinance their contract…." The Pittards further allege "they did not receive adequate and legal notice of [CMI and Cenlar's] intent to sell their property at a foreclosure auction…." *ECF No. 2-1* at pp. 5-6.

As basis for the fraud/misrepresentation cause of action, the Pittards allege CMI and Cenlar "engaged in fraudulent activity when they offered initially to assist [them] in potentially saving their home through loan re-modification; however, at the same time, [CMI and Cenlar] initiated foreclosure proceedings with the intent of foreclosing on [their] home without giving adequate time to engage in the re-modification process and reinstate or payoff the mortgage contract." *Id.* at p. 6.

CMI and Cenlar move for summary judgment asserting res judicata and collateral estoppel bar both causes of action. *ECF No. 14.* In addition, CMI and Cenlar allege they are enti-

8

tled to summary judgment on the merits of the breach of contract cause of action because the Pittards, admittedly, are in default under the terms of the contract and because the Pittards have not suffered any damages, as the property has not been foreclosed, and they are living in the subject property. CMI and Cenlar allege they are entitled to summary judgment on the merits of the fraud/misrepresentation cause of action because it is barred by the statute of frauds. Finally, CMI seeks an Order Allowing Foreclosure. CMI contends its summary judgment evidence conclusively establishes it is the holder of the Note, and it has authority to foreclose under the Deed of Trust. CMI also seeks recovery of attorney fees. *Id*.

## LEGAL STANDARD

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[1] "A fact is material only if its' resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). "The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 247-48 (1986).

---

[1] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

The moving party bears the initial burden of informing the court of the basis of the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law. *Celotex Corp.,* 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its' summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994).

To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014).

To be entitled to summary judgment on its own counterclaim, a defendant must show there is no genuine dispute of material fact and establish each element of its cause of action as a matter of law. *Fontenot v. Upjohn Co.*, 780 F.2 1190, 1194 (5th Cir. 1986). When the defendant moves for summary judgment on an affirmative defense, the defendant must establish each element of the defense as a matter of law. *Crescent Towing & Salvage Co. v. M/V Anax,* 40 F.3d 41, 744 (5th Cir. 1994); *Paredes v. City of Odessa*, 128 F. Supp. 2d 1009, 1014 (W.D. Tex. 2000).

A court may not grant summary judgment by default where the nonmovant does not respond. *Eversley v. MBank of Dallas,* 843 F.2d 172, 174 (5th Cir. 1988); *Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima,* 776 F.2d 1277, 1279 (5th Cir.1985). In this event, the Court

must review the summary judgment motion to determine whether the movant satisfied its summary judgment burden and thereby shifted the burden. *See Austin v. Kroger Texas, L.P.*, 864 F. 3d 33326, 335 (5th Cir. 2017).

If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586-87; *see also* Fed. R. Civ. P. 56(c). Upon the shifting burden, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003); *see also Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which this evidence raises a genuine dispute of material fact. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)(citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)). Further, should the nonmoving party fail "to address or respond to a fact raised by the moving party and supported by evidence, the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music*, *Inc. v. Bentley*, SA-16-CV-394-XR, 2017 WL 782932, at \*2 (W.D. Tex. Feb. 28, 2017).

In determining the merits of a Motion for Summary Judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the

motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co.*, *Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

## DISCUSSION

### 1.   Argument One: Res Judicata

The doctrine of res judicata contemplates courts' adjudication on the merits shall be final, and therefore, courts shall not adjudicate successive actions arising out of the same transaction. *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 563 (5th Cir. 1983). Consequently, the doctrine bars all causes of action and defenses that were or could have been advanced in a prior action based upon the same operative facts. *Id*. To preclude duplicative litigation, a court's adjudication or judgment shall bar a subsequent action on the basis of res judicata if: the parties are identical in both suits; the prior judgment was rendered by a court of competent jurisdiction; the prior action resulted in a final judgment on the merits, and; the same claim or cause of action was, or could have been, asserted in both cases. *Id*.; *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Res judicata is an affirmative defense. Therefore, CMI and Cenlar bear the burden on summary judgment to establish each element of the defense as a matter of law. *See Crescent Towing & Salvage Co., Inc. v. M/V Anax*, 40 F.3d 741, 744 (5th Cir. 1994); *Crear v. JPMorgan Chase Bank, N.A.*, 491 F. Supp. 3d 207, 213 (N.D. Tex. 2020).

As to the last element—whether the same claim or cause of action was involved in both actions—courts apply a "transactional test, which requires that the two actions be based on the same nucleus of operative facts." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 402 (5th Cir. 2009). The preclusive effect of a prior judgment extends "to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Id*. Under this transactional test, a prior judgment's preclusive effect extends to all rights the original plaintiff had

12

"with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose." *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395–96 (5th Cir. 2004). In applying this transactional test, Courts determine what facts constitute a transaction by considering factors like "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.* at 396. The nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted, defines the application of res judicata. *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007). Additionally, the doctrine extends beyond claims or causes of action that were actually raised and bars all claims, causes of action, and defenses that could have been advanced in support of the cause of action, or in opposition to, the cause of action asserted in the prior action. *Maxwell v. U.S. Bank, N.A.*, 544 F. App'x 470, 472 (5th Cir. 2013); *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994); *see also In re Air Crash at Dallas/Fort Worth Airport* on Aug. 2, 1985, 861 F.2d 814, 816 (5th Cir. 1988). Likewise, the res judicata doctrine does not bar plaintiffs from presenting any ground for relief arising out of conduct which occurred subsequent to a prior judgment, even if the conduct is of the same nature as the conduct complained of in a prior lawsuit. *Kilgoar v. Colbert Cty. Bd. of Educ.*, 578 F.2d 1033, 1035 (5th Cir. 1978)*; see also Alwais v. New Penn Fin., LLC*, No. SA-18-CV-604-XR, 2019 WL 1004857, at *3 (W.D. Tex. Mar. 1, 2019).

### A. Elements One and Two: Whether the Parties are Identical and Whether the Prior Judgments were Rendered by a Court of Competent Jurisdiction

The procedural history clearly reveals satisfaction of the first and second elements. In the third lawsuit, Robert Pittard and Karen Pittard filed suit against CitiMortgage, Inc. and Cenlar FSB. The parties are identical in this litigation. Judge Rodriguez found in that lawsuit that the

parties did not dispute the satisfaction of the first two elements. *5:19-cv-1370, ECF No. 23, p. 11*. Consequently, the first two elements are satisfied here. Additionally, as Judge Rodriguez determined in the third lawsuit, while the Pittards did not name Cenlar as a Defendant in the first two lawsuits, because it is the mortgage servicer, "the relationship between a mortgage holder, a mortgage servicer, and a mortgage lender's nominee is generally sufficient to establish the privity needed for res judicata purposes." *5:19-cv-1370, ECF No. 23 at p. 11, n. 5* (quoting *Bellot v. Wells Fargo Bank, N.A.*, No. H-13-2014, 2014 WL 2434170, at *2 (S.D. Tex. May 29, 2014)). Finally, the judgments in the three prior litigations were rendered by this Court, a court of competent jurisdiction.

### B.   Element Three: Whether the prior decisions are "final judgments on the merits"

#### 1)   First and Second Lawsuits

In the third lawsuit, Judge Rodriguez engaged in extensive analysis of this issue and determined the first lawsuit did not result in a final judgment on the merits; however, the second lawsuit did. *5:19-cv-1370, ECF No. 23 at pp. 11-12.* Judge Rodriguez concluded the Judge Ezra's dismissal without prejudice of the 2017 first lawsuit did not operate as an adjudication upon the merits, and thus does not have a res judicata effect; however, Chief Judge Garcia's dismissal under Rule 41(b) of the 2018 second lawsuit was a final judgment on the merits for res judicata purposes. *Id.* (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990); *Am. Heritage Life Ins. Co. v. Heritage Life Ins. Co.*, 494 F.2d 3, 9 (5th Cir. 1974)).

#### 2)   Third Lawsuit

In the third lawsuit, Judge Rodriguez thoroughly analyzed the substantive merits of CMI and Cenlar's Motion for Summary Judgment on the breach of contract and fraud/misrepresentation causes of action.

A court's summary judgment which determines the merits of an action based upon the lack of any genuine issue of material fact or which determines the merits of a claim or defense is a final judgment on the merits. *Vines v. Univ. of Louisiana at Monroe*, 398 F.3d 700, 705 (5th Cir. 2005); *Meador v. Oryx Energy Co.*, 87 F. Supp. 2d 658, 664 (E.D. Tex. 2000).

Accordingly, Chief Judge Garcia's dismissal under Rule 41(b) of the 2018 second lawsuit and Judge Rodriguez's summary judgment rendered in the 2019 third lawsuit both constitute a final judgment on the merits for res judicata purposes.

### C. Element Four: Whether the same claim or cause of action was adjudicated in the prior lawsuits

With the first three elements of res judicata satisfied in the second and third lawsuits, the Court must determine whether either of those cases involved the same claim or cause of action as this suit.

#### 1) Breach of Contract Cause of Action

As discussed, as basis for the breach of contract cause of action, the Pittards allege in the Complaint that CMI and Cenlar "refused to accept any payments [they] made in good faith to maintain the contract in good status, and [] refused to allow [them] the opportunity to pay off, reinstate the mortgage in ques-tion or refinance their contract...." The Pittards further allege "they did not receive adequate and legal notice of [CMI and Cenlar's] intent to sell their property at a foreclosure auction on **Tuesday, November 2, 2021**." *ECF No. 2-1, p. 6* (emphasis in original).

These same allegations served as the basis of the breach of contract cause of action in the third lawsuit. In the third lawsuit, the breach of contract was premised on CMI and Cenlar's al-leged failure to provide adequate notice of the intent to foreclose on November 5, 2019. *5:19-cv-1370, ECF No. 17, pp. 2-3*. Judge Rodriguez determined the alleged conduct of breach of con-

tract necessarily occurred after the previous two litigations, and therefore, the Pittards could not have brought their claims related to the lack of foreclosure notice in November 2019 in the prior actions. *Id. at ECF No. 23, p. 13*. For this reason, Judge Rodriguez determined res judicata could not apply. *Id.* (citing *Kilgoar*, 578 F.2d at 1035; *Alwais*, 2019 WL 1004857, at *3).

Although the Pittards provide no specific dates of the alleged actions forming the basis of this cause of action in this lawsuit, nor do they otherwise provide any relevant timeline for the Court to determine when these actions occurred, the Court must presume the alleged lack of notice occurred after the third lawsuit, as that suit pertained to the foreclosure sale scheduled for November 2, 2021. For this reason, res judicata cannot apply to bar this breach of contract cause of action. Although the conduct is of the same nature as the conduct complained of in the prior lawsuits and concerns imminent foreclosure of the same Property, the ground for relief arises out of conduct which occurred subsequent to the prior judgment. Consequently, res judicata cannot bar this lawsuit. *See Kilgoar*, 578 F.2d at 1035*; Alwais*, 2019 WL 1004857, at *3.

### 2) Fraud/Misrepresentation Cause of Action

As basis for the fraud/misrepresentation cause of action in this lawsuit, the Pittards allege CMI and Cenlar "engaged in fraudulent activity when they offered initially to assist [them] in potentially saving their home through loan re-modification; however, at the same time, [CMI and Cen-lar] initiated foreclosure proceedings with the intent of foreclosing on [their] home without giving adequate time to engage in the re-modification process and reinstate or payoff the mort-gage contract." *ECF No. 1-1, p. 6*.

This supporting factual statement in the Complaint in this action is verbatim of that in the Pittards's Amended Complaint in the third lawsuit. Judge Rodriguez analyzed the substantive merits of this cause of action within the context of CMI and Cenlar's Motion for Summary Judgment and concluded the statute of frauds barred enforcement of the alleged promise to modi-

fy the loan agreement, and the Pittards' fraud/misrepresentation cause of action failed as a matter of law. *5:19-cv-1370, ECF No. 23 at p. 20*. In addition, the Pittards cause of action failed to meet the heightened pleading requirements of Federal Rule 9(b). *Id*.

Accordingly, Judge Rodriguez's previous summary judgment dismissal of the fraud/misrepresentation cause of action was based upon the same nucleus of operative facts and involved the same claims and cause of action. The Pittards allege no new facts upon which this Court could analyze a new claim of fraud/misrepresentation. The Pittards allege no new facts upon which this Court might surmise the alleged conduct occurred after the third lawsuit. Consequently, CMI and Cenlar demonstrate the affirmative defense of res judicata bars the Pittards' fraud/misrepresentation cause of action as a matter of law. Particularly, Judge Rodriguez analyzed the substantive merits of the same, verbatim factual basis and same claim to support the fraud/misrepresentation cause of action and determined summary judgment was appropriate. Because res judicata bars the fraud/misrepresentation cause of action, summary judgment is appropriate for this cause.

**2.  Argument Two: Collateral Estoppel (Issue Preclusion)**

CMI and Cenlar assert the doctrine of collateral estoppel, or issue preclusion, applies to bar certain issues raised in the Pittards' Complaint. *ECF no. 14*.

Issue preclusion, or collateral estoppel, "precludes a party from litigating an issue already raised in an earlier action between the same parties if: (1) the issue at stake is identical to the one involved in the earlier action; (2) the issue was actually litigated in the prior action; and (3) the determination of the issue in the prior action was a necessary part of the judgment in that action." Petro-Hunt, 365 F.3d at 397. The doctrine "does not preclude litigation of an issue unless both the facts and the legal standard used to assess them are the same in both proceedings." *Copeland v. Merrill Lynch & Co., Inc*., 47 F.3d 1415, 1422 (5th Cir. 1995).

The analysis here is similar to the res judicata analysis. The conduct supporting the breach of contract cause of action is conduct that occurred after the previous lawsuits. Therefore, the issues relevant here cannot have logically been identical, actually litigated, or determinative of the prior actions. Though the breach of contract claim is nominally the same as the prior breach of contract claim, the issues and facts underlying that breach are different.

The Pittards now complain of the lack of notice for the foreclosure sale scheduled for November 2, 2021, conduct which occurred after the prior, third lawsuit terminated on July 24, 2020. Because the facts asserted in the Pittards' Complaint begin with the foreclosure sale scheduled for November 2, 2020, they do not reallege any of the facts relevant to the prior actions, such as the previous failure to provide notice of the 2017 foreclosure or the 2019 foreclosure. Though the underlying contract itself may be the same, the Pittards allege a new breach of that contract, separate and apart from the breach previously asserted. Accordingly, issue preclusion cannot bar any of the facts or issues upon which the current breach of contract cause of action is premised.

Accordingly, CMI and Cenlar's Motion for Summary Judgment on this basis must fail.

### 3. Substantive Analysis of Breach of Contract Cause of Action

CMI and Cenlar argue the sole basis of the breach of contract cause of action is the allegation that CMI and Cenlar did not provide adequate notice of their intent to foreclose. CMI and Cenlar contend this cause of action fails as a matter of law because the Pittards admit in the Complaint they are in default on the Promissory Note, and therefore, are precluded from asserting a breach of contract claim. Second, CMI and Cenlar argue the Pittards have not shown, and cannot show, they suffered any damages because the home has not been foreclosed upon and they still live in the home.

Under Texas law, applicable to this diversity action, the elements in a breach of contract claim include: (1) the existence of a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the beach. *Cordero v. Avon Prods., Inc.*, 629 F. App'x 620, 623 (5th Cir. 2015); *Hovorka v. Cmty. Health Sys., Inc.*, 262 S.W.3d 503, 508–09 (Tex. App.—El Paso 2008, no pet.). In the mortgage context, "a party to a contract who is himself in default cannot maintain a suit for its breach." *Gulf Pipe Line Co. v. Nearen*, 138 S.W.2d 1065, 1068 (Tex. 1940); *Water Dynamics, Ltd v. HSBC Bank USA, N.A*., 509 F. App'x 367, 369 (5th Cir. 2013) (citing *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990)).

The Pittards do admit they are in default on the Promissory Note in the Complaint. *ECF No. 1-1, p. 5*. Based upon the litigation history, the Pittards have been in default on the Promissory Note since 2016. Accordingly, the Pittards cannot maintain a cause of action for breach of contract pursuant to the terms of the Promissory Note. *See Gulf Pipe Line Co.*, 138 S.W.2d at 1068; *Water Dynamics, Ltd.*, 509 F. App'x at 369.

The Pittards' breach of contract claim also fails because they do not allege any damages, nor can they substantiate damages based upon the factual allegations. *See Hovorka*, 262 S.W.2d at 508–09. The Pittards admit no foreclosure has occurred in this case, and they still live in the Property. Based upon these admissions, the Pittards cannot show any damage from the alleged lack of notice of the foreclosure sale. *See De La Mora v. CitiMortgage, Inc*., No. 7:17-CV-468, 2015 WL 12803712, at *2 (S.D. Tex. Jan. 26, 2015); *Adams v. U.S. Bank, N.A*., No. 3:17-cv-723, 2018 WL 2164520, at *6 (N.D. Tex. Apr. 18. 2018).

Finally, the Pittards fail to identify what contract was allegedly breached and, even assuming it is the Promissory Note and/or Deed of Trust, which provision of that contract was

breached. Consequently, the Pittards' breach of contract cause of action fails as a matter of law on this basis.

Chief Judge Garcia previously dismissed the Pittards' breach of contract claim, in part, for the same reasons, stating: "Plaintiffs have failed to plead any factual details regarding (1) why their loan was not in default, (2) how Plaintiffs allegedly cured their default, and/or (3) how Defendant failed to credit Plaintiffs' payments towards their account," and "[p]laintiffs have failed to identify which actual contract or— assuming it is the promissory note and/or deed of trust that are mentioned in the petition—any specific provision of the actual contracts that Defendant allegedly breached," and "[p]laintiffs have not suffered the loss of property rights because they previously obtained an ex parte restraining order that precluded a foreclo-sure sale…. Thus, Plaintiffs' failure to adequately allege damages provides a second basis for dismissing Plaintiffs' breach of contract claim on the merits." *See 5:18-cv-1181-OLG, ECF No. 10, p. 4, n.2.*

Again, Judge Rodriguez granted summary judgment on the Pittards' breach of contract claim for the same reasons, stating, "[p]laintiffs may not bring such a claim when they them-selves are in default, because Plaintiffs have not shown any damages, and because Plaintiffs have failed to specify which contract and which provision they allege Defendants breached." *See 5:19-cv-1370. ECF No. 23 at p. 17.*

Likewise, the Pittards' breach of contract cause of action in this lawsuit fails as a matter of law because they may not bring such a claim when they themselves are in default, because they fail to show any damages, and because they failed to specify which contract and which pro-vision they allege CMI and Cenlar breached. For these reasons, summary judgment on the breach of contract cause of action is appropriate.

**4.   Counterclaim-Nonjudicial Foreclosure**

CMI seeks summary judgment on its counterclaim seeking declaratory judgment allowing it to proceed with a non-judicial foreclosure of its lien on the property.

Because CMI bears the burden of proof on its counterclaim for declaratory relief, it "must establish beyond peradventure all of the essential elements of the claim" to obtain judgment in their favor. *Fontenot v. Upjohn Co.*, 780 F,2d 1190, 1194 (5th Cir. 1986). This standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins., Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The Court will draw all reasonable inferences in favor of the non-movant. *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

To foreclose under a security instrument with a power of sale, the lender must demonstrate: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16 § 50(a)(6) of the Texas Constitution; (3) plaintiffs are in default under the note and security instrument; and (4) plaintiffs received notice of default and acceleration. *Huston v. U.S. Bank Nat'l Ass'n*, 988 F.Supp.2d 732, 740 (S.D. Tex. 2013) *aff'd*, 583 Fed. Appx. 306 (5th Cir. 2014).

CMI presented undisputed summary judgment evidence to satisfy each element of its counterclaim for declaratory relief. First, CMI presents undisputed evidence of the Promissory Note executed by the Pittards, and the Pittards admit in their Complaint that a debt does exist based upon this Promissory Note. *ECF Nos. 2-1; 14-1, exh. A; 14-2, exh. A-1; 14-3, exh. A-2; 14-4, exh. A-3.* CMI presents the affidavit of Diane McCormick, the Vice President-Document Execution of Cenlar. McCormick attests the Pittards failed to make payments on the Promissory Note pursuant to its terms, and on September 10, 2018, a Notice of Default was sent to them. McCormick attests the payments on the loan are due from May 1, 2016, to the present. Based upon these facts, McCormick attests the Pittards are in default on the Promissory Note and have

been in default since 2016. *ECF No. 14-1, exh. A; 14-5, exh. A-4; 14-6, exh. A-5; 14-7, exh. A-6.* Finally, CMI presents the Notice of Default letter sent by Cenlar to the Pittards at the Property Address to show CMI and Cenlar satisfied their obligation to provide notice of default and acceleration of the Promissory Note pursuant to the terms of the Note and Deed of Trust, as well as the Texas Property Code § 51.002. *ECF Nos. 14-5, exh. A-4; 14-6, exh. A-5; 14-7, exh. A-6.*

The Pittards did not respond to the Motion for Summary Judgment, and therefore, present no competent evidence to demonstrate the existence of a genuine dispute of material fact regarding any of the elements of CMI's counterclaim. Accordingly, CMI is entitled to summary judgement on its request for declaratory judgment allowing it to proceed with a non-judicial foreclosure of its lien on the Property.

**5. Attorney Fees**

CMI seeks recovery of attorney fees pursuant to the terms of the Promissory Note. CMI has not made a proper summary judgment motion or presented proof of entitlement to or amount of attorney fees. Consequently, this request is denied at this time.

**CONCLUSION**

For the reasons stated, the Court **GRANTS** CMI and Cenlar's Motion for Summary Judgment. In addition, the Court **GRANTS** CMI's Motion for Summary Judgment for declaratory judgment allowing it to proceed with a non-judicial foreclosure of its lien on the property. The Court **DENIES** CMI's request for attorney fees. A separate Final Judgment with specific declaratory relief will follow.

Further, the Court **WARNS** Plaintiffs Robert Pittard and Karen Pittard that should either persist in filing frivolous claims or causes of action based upon the same nucleus of operative facts, **the Court may declare either or both to be a vexatious litigant and may impose other**

**appropriate sanctions, such as payment of attorney fees**. *See Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187-192 (5th Cir. 2008).

Should the Pittards choose to file suit for a breach of contract in the future, they must ensure such claims are based upon allegations not already litigated and adjudicated by this Court, they are not in default of the same contract, and any claim for damages is not based upon an imminent, but not actual, foreclosure. The Pittards have been informed of the non-meritorious nature of such claims in three lawsuits now. Consequently, the continued assertion of such claims shall be frivolous. Should the Pittards choose to file suit for fraud/misrepresentation, such claims must be based upon allegations not already litigated and adjudicated by this Court and must be plead with specificity. The Pittards have been informed of the non-meritorious nature of such claims in three lawsuits now. Consequently, the continued assertion of such claims shall be frivolous.

It is so ORDERED.
SIGNED this 8th day of March, 2022.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE